UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PICHANDA POK and VANN PHOU, | NO. CIV. 2:09-2385 WBS EFB |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| AMERICAN HOME MORTGAGE SERVICING, INC., AMERICAN BROKERS CONDUIT, POWER DEFAULT SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., INNOVIA ESTATES, DESIREE FORD, JOSEPH HAI DINH, and DOES 1 through 20, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiffs Pichanda Pok and Vann Phou filed this action against defendants American Home Mortgage Servicing, Inc. ("AHMSI"), American Brokers Conduit, Power Default Services, Inc. ("Power Default"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Innovia Estates, Desiree Ford, and Joseph Hai Dinh alleging various state and federal claims relating to a loan they obtained to refinance their home in Stockton, California. AHMSI,

1

Power Default, and MERS move to dismiss plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I. Factual and Procedural Background

On September 12, 2006, plaintiffs obtained a loan from American Brokers Conduit to refinance their home, located at 10022 Ornella Drive, Stockton, California. (FAC ¶¶ 6, 37.) This loan was memorialized in a Promissory Note ("the Note") secured by a Deed of Trust on the property. (Id. ¶ 37.) Plaintiffs claim that they were channeled into this allegedly unaffordable loan through the conduct of their mortgage broker Ford, who allegedly told plaintiffs they could only qualify for a "sub-prime" loan when in fact they qualified for a "prime" loan with better terms. (Id. ¶¶ 29-31.) The Deed of Trust listed First Alliance Title as trustee, American Brokers Conduit as lender, and MERS as nominee and beneficiary for the lender and lender's successors and assigns. (Id. ¶¶ 37-38.) MERS facilitates the transfer of mortgage interests by providing an electronic tracking system for the mortgage interests registered in its system.[1] To do this, MERS is the beneficiary of record in a

---

[1] Plaintiffs' Opposition argues that MERS is not licensed to conduct business in California. However, MERS is statutorily exempted from the requirement to obtain a certificate of qualification to conduct business in California. MERS registered as a Delaware corporation, which is a foreign corporation under California law. Cal. Corp. Code §§ 167, 171. MERS is not required to obtain a certificate of qualification from the Secretary of State because it does not "transact intrastate business" within the meaning of the statute. See Lomboy v. SCME Mortgage Bankers, No. C-091160 SC, 2009 WL 1457738, at *3 (N.D. Cal. May 26, 2009).

2

"nominee" capacity for the mortgage lender on all security instruments in its system. (Id. ¶ 11.)

Plaintiffs eventually defaulted on their loan, and a Notice of Default and Election to Sell Under Deed of Trust was filed in San Joaquin County by Power Default on February 26, 2009. (Id. ¶ 40.) On May 27, 2009, plaintiffs allegedly sent a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, to AHMSI that included a demand to rescind their loan under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. (Id. ¶ 43.) On July 29, 2009, MERS, as nominee for Alliance Title, allegedly substituted Power Default as trustee under the Deed of Trust. (Id. ¶ 41.) On August 24, 2009, Power Default allegedly noticed the trustee sale of the property. (Id. ¶ 42.) This notice identified Power Default as the trustee under the Deed of Trust. (Id.)

In their FAC, plaintiffs assert ten causes of action against seven defendants. AHMSI, Power Default, and MERS move to dismiss only those causes of action alleged against them. Plaintiffs did not oppose the motion until January 14, 2010, almost two weeks past the deadline for the submission of an opposition pursuant to Local Rule 230(c). Although the court will consider plaintiffs' Opposition, the hearing date of January 19, 2010 is VACATED pursuant to Local Rule 230(c), and the court will take defendants' motion to dismiss under submission without oral argument due to plaintiffs' late filing.

II. Discussion

On a motion to dismiss, the court must accept the

3

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556-57).

In general a court may not consider items outside the pleadings upon deciding a motion to dismiss, but may consider items of which it can take judicial notice. <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

In support of their motion to dismiss, AHMSI, Power Default, and MERS submitted a Request for Judicial Notice of two exhibits, a copy of the Deed of Trust, recorded in San Joaquin County and a Notice of Trustee's Sale, recorded in San Joaquin County. (Docket No. 22.) Plaintiffs also submitted a Request

4

for Judicial Notice of one unpublished article entitled "Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System." The court will take judicial notice of defendants' exhibits, since they are matters of public record whose accuracy cannot be questioned. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). However, the court denies plaintiffs' request, as the document in question is an unpublished article expressing an individual opinion that can be questioned.

    A.    California Rosenthal Fair Debt Collection Practices Act

        Plaintiffs' second cause of action alleges that defendant AHMSI violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.2. The RFDCPA prohibits a host of unfair and oppressive methods of collecting debt, but to be liable under the RFDCPA a defendant must fall under its definition of "debt collector." Izenberg v. ETS Svcs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). A "debt collector" under the RFDCPA is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c) (2008).

        Plaintiffs fail to allege facts that would support the inference that AHMSI is a "debt collector" under the RFDCPA. Instead, the FAC contains only a conclusory restatement of the definition of "debt collector" under the RFDCPA, (FAC ¶ 77.), and fails to allege other essential elements of the statute necessary to establish liability as a "debt collector," namely that the deed of trust memorializes a "consumer credit transaction" and

5

that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA. See Cal. Civ. Code § 1788.2(b)-(f). Such broad allegations, without even identifying what part of the RFDCPA AHMSI violated, are insufficient to survive a motion to dismiss. See Rosal v. First Fed. Bank of Cal., No. 09-1276, 2009 WL 2136777, at * 18 (N.D. Cal. July 15, 2009).

Additionally, foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA. See Izenberg, 589 F. Supp. 2d at 1199; see also Rosal, 2009 WL 2136777, at *18 (dismissing RFDCPA claim as to all defendants in foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009) (dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); Pittman v. Barclays Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing with prejudice plaintiff's Rosenthal Act claim in foreclosure case because a "residential mortgage loan does not qualify as a 'debt' under the statute"); Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009) (dismissing RFDCPA claim in foreclosure case). Since residential mortgage loans to not fall within the RFDCPA, the court must grant AHMSI's motion to dismiss plaintiffs' cause of action for violations of the RFDCPA.

B.  Negligence

To prove a cause of action for negligence, a plaintiff must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles,

66 Cal. App. 4th 1333, 1339 (1998) (citation omitted).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004).

Plaintiffs allege that MERS owed them a duty to "perform its administrative function recording,[sic] maintaining, and transferring documents as it relates to [p]laintiffs' loan in a manner not to cause [p]laintiffs harm." (FAC ¶ 89.) Plaintiffs further contend that MERS breached this duty when "it failed to receive, maintain or transfer the negotiable instrument related to [p]laintiffs' loan, and authorized others to collect payments on [p]laintiffs' mortgage and commence foreclosure proceedings." (Id.)  Plaintiffs cite no authority for the proposition that MERS owed a duty to not cause plaintiff harm in its capacity the nominal beneficiary for the loan.  Absent contrary authority, a pleading of an assumption of duty by MERS, or a special relationship, plaintiffs cannot establish MERS owed a duty of care. See Hardy v. Indymac Fed. Bank, --- F.R.D. ---, No. CV F 09-935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009); Bentham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232, at *2-3 (N.D. Cal. Sept. 1, 2009).  As the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party. See Cal. Civ. Code § 1934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all

persons."); Bentham, 2009 WL 2880232 at *3.

Additionally, the FAC alleges that AHMSI owed plaintiffs a duty of care that was breached when ASMI "took payments to which they were not entitled, charged fees they were not entitled to charge, and wrongfully made or otherwise authorized negative reporting of [p]laintiffs' creditworthiness to various credit bureaus." (FAC ¶ 88.) However, loan servicers do not owe a duty to the borrowers of the loans they service. See Watts v. Decision One Mortg. Co., No. 09-43 2009 U.S. Dist. LEXIS 59694 (S.D. Cal. July 13, 2009); Marks v. Ocwen Loan Servicing, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract.") Plaintiffs have alleged that AHMSI was the servicer of their loan (FAC ¶ 8.) and accordingly cannot demonstrate that AHMSI owed plaintiffs a duty of care outside of the terms of the loan contract.

Power Default is not so much as mentioned by name in plaintiffs' negligence claim. Power Default should not be forced to guess how their conduct was allegedly negligent. See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). The FAC fails to state that MERS, AHMSI, or Power Default have breached a cognizable legal duty, and accordingly the court will grant defendants' motions to dismiss plaintiffs' cause of action for negligence against MERS, AHMSI, and Power Default.

    C.    <u>Real Estate Settlement Procedures Act</u>

8

RESPA requires that borrowers must be provided certain disclosures relating to the mortgage loan settlement process. See 12 U.S.C. § 2601. Section 2605 of RESPA relates to the disclosures and communications required regarding the servicing of mortgage loans, and provides that loan servicers have a duty to respond to QWRs from borrowers asking for information relating to the servicing of their loan. See 12 U.S.C. § 2605(e). Under RESPA lenders of federally related mortgage loans must disclose whether servicing of a loan may be assigned, sold or transferred to loan applicants. 12 U.S.C. § 2605(a). Additionally, borrowers may send QWRs under RESPA to loan servicers for information relating to the servicing of their loan. 12 U.S.C. § 26055(e)(1). Loan servicers have 60 days after the receipt of a QWR to respond to the borrower inquiry. 12 U.S.C. § 2605(e)(2).

Plaintiffs have alleged sufficient facts to indicate that they sent AHMSI a valid QWR under RESPA. Specifically, plaintiffs allege that they sent AHMSI a QWR on May 27, 2009, which identified plaintiffs' name, loan number, and stated the reasons they believed their account was in error. (FAC ¶¶ 43, 96.) This information is all that is required to submit a valid QWR under RESPA. See 12 U.S.C. § 2605(e)(1)(B). Plaintiffs have also indicated the specific provisions of RESPA they believe AHMSI violated. (See id. ¶¶ 96, 98-100.) These averments are sufficient to put AHMSI on notice of the wrongs it allegedly committed, and therefore are sufficient at this preliminary stage. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1103 (9th Cir. 2008).

Plaintiff must, however, allege actual harm to survive

a motion to dismiss.[2]  Section 2605(f) imposes liability on servicers that violate RESPA and fail to make the required disclosures.  12 U.S.C. § 2605(f).  Although this section does not explicitly make a showing of damages part of the pleading standard, "a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." <u>Allen v. United Financial Mortg. Corp.</u>, 2009 WL 2984170, at *5 (N.D. Cal. Sept. 15, 2009).  For example, in <u>Hutchinson v. Del. Sav. Bank FSB</u>, the court stated that "alleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiff must, at a minimum, also allege that the breach resulted in actual damages."  410 F. Supp. 2d 374, 383 (D.N.J. 2006).  This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiffs can show that a failure to respond or give notice has caused them actual harm.  See <u>Singh v. Wash. Mut. Bank</u>, No. 09-2771, 2009 U.S. Dist. LEXIS 73315, *16, 2009 WL 2588885 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are liable for actual damages, costs, and attorney fees") (quotation marks and citation omitted).  Courts, however, "have interpreted this

---

[2] Defendants' argument that plaintiff must allege the ability to tender the proceeds of the loan to sustain their RESPA claim is incorrect, because plaintiffs only request damages for their RESPA claim and do not ask for equitable relief or that the court set aside the foreclosure sale.  See <u>Yamamoto v. Bank of N.Y.</u>, 329 F. 3d 1167, 1170 (9th Cir. 2003); <u>Arnolds Mgmt. Corp. v. Eischen</u>, 158 Cal. App. 3d 575, 578-79 (1984).  While plaintiffs' other equitable claims may require a showing of tender, their RESPA claim is solely based in law.

requirement liberally." <u>Yulaeva v. Greenpoint Mortg. Funding, Inc.</u>, No. 09-1504, 2009 WL 2990393, at *15 (E.D. Cal. Sept. 9, 2009) (Karlton, J.). For example, in <u>Hutchinson</u>, plaintiffs were able to plead such a loss by claiming that they had suffered negative credit ratings as a result of violations of RESPA, 410 F. Supp. 2d at 383, and in <u>Yulaeva</u>, plaintiffs pled pecuniary loss by alleging that they were "required to pay a referral fee that was prohibited under RESPA." No. 09-1504, 2009 WL 2990393, at *15.

Plaintiffs have not offered any facts to support that AHMSI's failure to respond to their QWR resulted in pecuniary damages. The closest plaintiffs get to alleging any harm is stating that they "have suffered and continue to suffer damages and costs of suit." (FAC ¶ 101.) Even under a liberal pleading standard for harm, this level of generality fails. Accordingly, the court must grant defendant's motion to dismiss this claim.

D. <u>Fraud</u>

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008). Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). The plaintiffs must include the "who, what, when, where, and how" of the fraud. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106

(9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). Additionally, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiffs' fraud allegations do not even come close to surviving a motion to dismiss. The FAC alleges that AHMSI "mistrepresented to [p]laintiffs that [it] has the right to collect monies from [p]laintiffs . . . ." (FAC ¶ 118.) Plaintiffs also allege that MERS "misrepresented to [p]laintiffs on the Deed of Trust that it is a qualified beneficiary with the ability to assign or transfer the Deed of Trust and/or the Note . . . [and] that it followed the applicable legal requirements to transfer the Note and Deed of Trust . . . ." (FAC ¶ 119.) Plaintiffs further allege that Power Default "misrepresented to [p]laintiffs that [it] was entitled to enforce the security interest and has the right to institute a non-judicial foreclosure proceeding . . . ." (Id. ¶ 120.) Plaintiffs go on to simply state the remaining elements of a cause of action for fraud. (See id. ¶¶ 121-125.)

Even though plaintiffs reincorporate their earlier allegations into this cause of action, plaintiffs do not identify when the alleged misrepresentations by AHMSI or Power Default were made, who made them on behalf of MERS, AHMSI, or Power Default, or why they were false. In fact, plaintiffs' allegations against Power Default simply sound like an attempt by

12

plaintiffs to force Power Default to "produce the Note" to have the right to foreclose on the property. However, under California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure. Kamp v. Aurora Loan Servs., No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4 (C.D. Cal. Oct. 1, 2009); Oliver v. Countrywide Home Loans, Inc., No. CIV S-0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009) (citing Alvara v. Aurora Loan Servs., No. C-0-1512 SC, 2009 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); Putkkuri v. Recontrust Co., No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009). Accordingly, plaintiffs have failed to plead any fraudulent representations by AHMSI, MERS, or Trustee Corps with sufficient particularity.

Plaintiffs also do not state how MERS's alleged misrepresentation of its rights as a beneficiary on the Note, AHMSI's claim that it had the right to collect money from plaintiffs, or Power Default's representations of its ability to foreclose on the property harmed them. Instead plaintiffs make the conclusory statement that they "were harmed and suffered damages." (FAC ¶ 125.) At the pleading stage, the complaint "must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated." Small v. Fritz Cos., 30 Cal. 4th 167, 202 (2003) (quotations omitted). Without such information it is impossible for the court to determine whether plaintiffs alleged damages "were otherwise inevitable or due to unrelated causes." Goehring v. Chapman Univ., 121 Cal. App. 4th 353, 365 (2004). Without pleading facts to explain this causal connection, plaintiffs' cause of action

must fail. See Iqbal, 129 S. Ct at 1949. Accordingly, the court will grant AHMSI, MERS, and Power Default's motion to dismiss plaintiffs' fraud claim.

### E. Wrongful Foreclosure

Plaintiffs' FAC purports to state a claim for "wrongful foreclosure" against AHMSI and Power Default. Plaintiffs have failed to produce any common law rule or authority providing for a claim of "wrongful foreclosure" at law. See Fortaleza v. PNC Fin. Servs. Group, Inc., --- F.Supp.2d ---, No. C 09-2004 PJH, 2009 WL 2246212, at *11 (N.D. Cal. July 27, 2009). Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1009 (1996); Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971).

Plaintiffs attempt to base this claim first on California Commercial Code section 3301, alleging that Trustee Corps was not in possession of the Note, and is not a beneficiary, assignee or employee of the entity in possession of the note, and is therefore not a "person entitled to enforce" the security interest on the property in accordance with section 3301. (FAC ¶ 156.) However, section 3301 reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures, which is governed by California Civil Code section 2924. See Gaitan v. Mortgage Elec. Registration Sys., No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *10 (C.D. Cal. Oct. 5, 2009). "The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive." Moeller v. Lien, 25 Cal. App. 4th 822, 834

14

(1994). As previously mentioned, there is no requirement for the production of the original Note to initiate a non-judicial foreclosure in California. Kamp, No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4; Oliver, No. CIV S-0-1381 FCD GGH, 2009 WL 3122573, at *3; Putkkuri, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2. Therefore, plaintiff cannot assert a claim based on Trustee Corps's failure to comply with an inapplicable commercial code when defendants are not required to "produce the Note" according to California law.

Plaintiffs also base their wrongful foreclosure action on the basis of California Civil Code section 2923.5, arguing that the Notice of Default and Notice of Trustee sale were defective because Trustee Corps did not have the right to foreclose on their property. (FAC ¶ 159.) However, this is just a reiteration of plaintiffs' argument that defendants must "produce the Note" to foreclose on their property. As such, this claim is deficient as a matter of law. Accordingly, the court will grant AHMSI and Power Default's motion to dismiss plaintiffs' wrongful foreclosure claim.

F.  California's UCL

California's UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiffs' claim under the UCL is vague and conclusory, simply alleging that the claims plead against MERS, Power Default, and AHMSI earlier in the complaint demonstrate that defendants engaged in "unlawful, unfair, and/or fraudulent business practices . . . ." (FAC ¶¶ 130, 132-33.)  Plaintiffs do not identify a single specific practice of MERS, AHMSI, or Power Default that they find to be "unfair" or "deceptive" in their cause of action.  The court has already indicated it will dismiss plaintiffs' other causes of action against MERS, AHMSI, and Power Default for failure to state a claim.  Since plaintiffs have failed to state a claim on any of these grounds, and because these grounds appear to be the sole basis for plaintiffs' UCL claim, plaintiffs by necessity have failed to state a claim against the instant defendants under the UCL.  Accordingly, the court will grant MERS, AHMSI, and Power Default's motion to dismiss plaintiffs' UCL cause of action.

IT IS THEREFORE ORDERED that AHMSI, MERS, and Power Default's motion to dismiss plaintiffs' First Amended Complaint against AHMSI, MERS, and Power Default be, and the same hereby is, GRANTED.

Plaintiffs have twenty days from the date of this Order to file an amended complaint, if they can do so consistent with this Order.

DATED:  February 2, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE